UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DALE ROBERTSON,<br><br>      Plaintiff,<br><br>-against-<br><br>CONWAY MARTINDALE, ESQ.;<br>MARTINDALE AND ASSOCIATES, PLLC,<br><br>      Defendants. | 1:22-CV-2801 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff Dale Robertson, who is appearing *pro se*, filed this action invoking the Court's federal question jurisdiction. (ECF 2, at 2.) He asserts claims of legal malpractice against his former attorney, Conway Martindale, Esq., and what appears to be Martindale's law firm, Martindale and Associates, PLLC ("law firm"), seeking damages. The Court construes Plaintiff's complaint as invoking the Court's diversity jurisdiction, and asserting claims of legal malpractice under state law.

  By order dated May 5, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth in this order, the Court dismisses this action for lack of subject matter jurisdiction.

## STANDARD OF REVIEW

  The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se*

pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff alleges that he is a citizen of New York, and that Defendant Conway Martindale, Esq. is also a citizen of New York. He does not specify the state citizenship of the other defendant, the law firm, but the complaint suggests that it is located in New York, New York. (*See* ECF 2, at 4.)

Plaintiff alleges that he hired Martindale to represent him in a case that he brought in this court and that Martindale's actions with respect to that case constitute legal malpractice. He also alleges that Martindale "lied to [him] to terminate [his] complaint in this court, [and] then[,] after refiling the complaint in the Bronx County Supreme Court, [Martindale] committed a second legal malpractice of frivolous motion practice . . . in asserting material factual statements that were false and causing Plaintiff's complaint to be dismissed" on October 16, 2019. (*Id.* at 5-6.) Plaintiff further alleges that the state court, in its dismissal order, noted that Martindale had "failed to properly serve legal papers, . . . filed boilerplate legal standards without application to the instant matter[,] . . . referred to facts that appeared to be from another case he was handling[,] and failed to attach certain documents after mentioning them to the court." (*Id.* at 6.)

Plaintiff seeks $10 million in damages.

## DISCUSSION

**A.     Subject matter jurisdiction**

The subject matter jurisdiction of the federal district courts is limited and is delineated generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court's subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or,

if the plaintiff asserts claims under state law under the district court's diversity jurisdiction, when the plaintiff and the defendants are citizens of different states and the amount in controversy exceeds the sum or value of $75,000, 28 U.S.C. § 1332(a)(1). "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative. . . .").

To establish diversity jurisdiction, a plaintiff must first allege that he and the defendants are citizens of different states. *See* § 1332(a)(1); *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). For diversity purposes, an individual is a citizen of the State where he is domiciled, which is defined as the place where he "has his true fixed home . . . and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). An individual "has but one domicile." *Id.* "[T]he citizenship of a limited liability company is[,] [however,] determined by the citizenship of each of its members." *Carter v. HealthPort Techs, LLC*, 822 F.3d 47, 60 (2d Cir. 2016). There is also a second component to diversity jurisdiction – the amount in controversy must be in excess of the sum or value of $75,000. *See* § 1332(a).

Plaintiff, a citizen of New York, alleges that Martindale is also a citizen of New York. (ECF 2, at 2-3.) If Martindale is a member of the law firm – *Martindale* and Associates, PLLC

3

(emphasis added) – which Plaintiff alleges is a professional limited liability company (PLLC), then the law firm is, like Martindale himself, a citizen of New York. Because Plaintiff and at least Martindale are citizens of the same state, the parties are not diverse, and this Court lacks diversity jurisdiction of this action. The Court therefore dismisses this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

**B.    Leave to amend is denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See, e.g.*, *Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Court dismisses this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Plaintiff has consented to electronic service of court documents. (ECF 3.)

SO ORDERED.

Dated:   May 16, 2022
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge